## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ROBERT ANDREW FABER,                    )
                Plaintiff,           )
                                      )       No. 1:17-cv-355
-v-                                     )
                                      )       Honorable Paul L. Maloney
TERRANCE SMITH,                         )
                Defendant.          )
_____ )

### OPINION AND ORDER GRANTING MOTION TO DISMISS

Robert Faber filed this lawsuit against his probation officer, Terrance Smith. Smith has filed a motion to dismiss. (ECF No. 33.) Some of Faber's claims are barred by quasi-judicial immunity and others are barred by the holding in *Heck v. Humphreys.* Other claims simply fail to state a claim for which a court may grant relief. Therefore, the motion will be granted.

This motion is ripe for resolution. Faber is currently incarcerated, although the events giving rise to this complaint occurred while Faber was on supervised release. Smith served Faber with the motion by mailing it to him on October 4, 2017. (ECF No. 35.) On November 2, 2017, the Clerk docketed a letter from Faber indicating that he had not received the motion and brief. (ECF No. 42.) Smith then filed a certificate of service indicating that the motion and brief was again mailed to Faber. (ECF No. 43.) On November 6, 2017, the Clerk docketed a motion and brief sent by Faber titled "Plaintiff's Motion to Dismiss Defendant's Motion to Dismiss Bivins Claim (Answere) and Abuse of Power by Defendant Terrance Smith." (ECF Nos. 45 and 46.) It is obvious from the

substance of the motion and brief that Faber had received Smith's motion to dismiss. Faber has since filed two supplements to his motion and answer. (ECF Nos. 49 and 51.) Smith filed a reply. (ECF No. 52.) Faber has filed a sur-reply. (ECF No. 55.)

## I.

Under the notice pleading requirements, a complaint must contain a short and plain statement of the claim showing how the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *see Thompson v. Bank of America, N.A.*, 773 F.3d 741, 750 (6th Cir. 2014). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A defendant bringing a motion to dismiss for failure to state a claim under Rule 12(b)(6) tests whether a cognizable claim has been pled in the complaint. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

To survive a motion to dismiss, a plaintiff must allege facts sufficient to state a claim for relief that is "plausible on its face" and, when accepted as true, are sufficient to "raise a right to relief above the speculative level." *Mills v. Barnard*, 869 F.3d 473, 479 (6th Cir. 2017) (citation omitted). "The complaint must 'contain either direct or inferential allegations respecting all material elements necessary for recovery under a viable legal theory.'" *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 774 (6th Cir. 2015) (citation omitted). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it

asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2007) (citations omitted). When considering a motion to dismiss, a court must accept as true all factual allegations, but need not accept any legal conclusions. *Ctr. for Bio-Ethical Reform,* 648 F.3d at 369. Naked assertions without further factual enhancement, formulaic recitations of the elements of a cause of action, and mere labels and conclusions will be insufficient for a pleading to state a plausible claim. *SFS Check, LLC v. First Bank of Delaware*, 774 F.3d 351, 355 (6th Cir. 2014) (citations omitted).

## II.

The complaint is not a model of clarity. Because Faber is proceeding without an attorney, this Court must liberally construe his pleadings. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *see Owens v. Keeling*, 461 F.3d 763, 776 (6th Cir. 2006) (citing *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005)). The Court has endeavored to identify the claims raised in the complaint. The Court has consulted Faber's subsequent filings seeking clarification of the claims in the complaint.

Faber raises four claims in his complaint. First, Faber asserts that, in May and June 2016, Smith falsely accused Faber of using controlled substances. Faber asserts Smith tampered with a drug test cup so that a positive result was returned. Faber also asserts Smith made Faber wear a patch of some sort. Second, Faber alleges Smith interfered with Faber's attempts to secure housing and leave the halfway house. And, because of Smith's interference, Faber lost money. Farber's third and fourth claims overlap. Faber alleges Smith harassed Faber's boyfriend, Tylyn Geiszel, caused Geiszel to be homeless, and has interfered with their freedom of religion.

### III.  Quasi-Judicial Immunity

At all times, and for all of the specific actions taken by Smith of which Farber complains, Smith was acting in his capacity as Farber's supervising officer while Farber was on supervised release.  Based on the allegations in the complaint, it appears that the actions of which Faber complains were all performed by Smith while he was investigating whether Faber was complying with the terms of his supervised release.  In this circuit, "a probation officer performing duties to ensure a probationer was complying with the terms of probation [is] entitled to quasi-judicial immunity."  *Loggins v. Franklin Cty., Ohio*, 218 F. App'x 466, 476 (6th Cir. 2007) (citing *Balas v. Leishman-Donaldson*, No. 91-4073, 1992 WL 217735, at *5 (6th Cir. Sept. 9, 1992)); *but see Victory v. Pataki*, 814 F.3d 47, 66-67 (2d Cir. 2016) (holding that parole officers are not entitled to immunity for the preparation of false reports and the subsequent recommendations).  In his response, Faber argues that the actions about which he complains constitute an abuse of authority and that Smith should not be afforded immunity and must be held accountable.  Although the accusations Faber has made against Smith are serious, the law does not allow Faber to sue Smith for damages for those actions.

Accordingly, Faber's claims arising from the drug tests, Smith's visits to the residence, and Smith's interactions with Geiszel must be dismissed as all of those actions were investigations to determine if Faber was complying with the terms of his supervised release.

### IV.  Failure to State a Claim

Assuming, for the sake of argument only, that some claims survive Smith's quasi-judicial immunity, the Court concludes that it must nevertheless dismiss those claims.

### A. *Bivens*

Faber has framed his claims as a *Bivens* action. In *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court held that a private citizen injured by a federal agent's alleged violation of the Fourth Amendment may bring an action for damages against the agent. *See FDIC v. Meyer*, 510 U.S. 471, 484 (1994). To state a claim under *Bivens*, a plaintiff must allege that he was deprived of a right secured by the federal constitution or the laws of the United States by a person acting under color of federal law. *Yeager v. Gen. Motors Corp.*, 265 F.3d 389, 398 (6th Cir. 2001). The Supreme Court has "responded cautiously to suggestions that *Bivens* remedies should be extended into new contexts.'" *Id.* (quoting *Schweiker v. Chilicky*, 487 U.S. 412, 421 (1988)). Earlier this year, the Supreme Court reiterated that "expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017) (citing *Iqbal*, 556 U.S. at 675.) Indeed, over the past thirty years, the Court has "consistently refused to extend *Bivens* to any new context or new category of defendants.'" *Id.* (quoting *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001)).

When considering whether a plaintiff has a federal cause of action under *Bivens*, a court must determine if an alternative remedy exists to redress the alleged violation of the plaintiff's rights, and whether any alternatives amount to a "convincing reason" to refrain from extending *Bivens* to provide a cause of action. *Minneci v. Pollard*, 565 U.S. 617, 122-23 (2012) (quoting *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007)). The Supreme Court has never extended *Bivens* to a Free Exercise claim. *See Meeks v. Larsen*, 611 F. App'x 277, 287 (6th Cir. 2015). Congress has enacted several statutes that provide a comprehensive

remedial scheme for violations of religious freedoms, undermining the need to extend *Bivens*. *Mack v. Warden Loretto FCI*, 839 F.3d 286, 305 (3d Cir. 2016).

Accordingly, any Free Exercise claim must be dismissed.

## B.  *Heck*

Faber is currently serving a twelve-month term of imprisonment for violations of the terms of his supervised release.  *See United States v. Faber*, No. 2:05-cr-53 (W.D. Mich. 2010) (docket entry 96 dated March 8, 2017) ("*Faber Criminal Action*.")  Faber pled guilty to unauthorized possession of a computer and media storage device, possession of sexually explicit material, and possession of sexually explicit material deemed inappropriate by his probation officer.  (*Id.* PageID.263.)  As part of his sentence, the judge imposed special conditions for supervision, including no contact or association with Tylyn Gieszer, as directed by the probation officer.  (ECF No. 98 PageID.270.)

To the extent any of Faber's *Bivens* claims might implicate his guilty plea or his sentence, the Court must dismiss the civil claim.  Civil tort actions cannot be used to challenge the validity of a criminal judgment or sentence.  *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).  This prohibition on civil actions applies to *Bivens* claims.  *Ruff v. Runyon*, 258 F.3d 498, 502 (6th Cir. 2001).

Accordingly, because part of Faber's sentence for the supervised release violations requires no contact with Gieszer, any claim arising from interference with that relationship must be dismissed under *Heck*.

## C. Rule 12(b)(6)

To survive a motion to dismiss, a plaintiff must pled sufficient facts to state a plausible claim for which this Court may grant relief.

Faber cannot state a plausible claim arising from the drug patch. After Smith required Faber to start wearing the patch, Faber filed a motion requesting, among other things, to terminate the patch requirement. (*Faber Criminal Action*, ECF No. 72.) The court denied the motion, finding that it was "without merit." (*Id.* ECF No. 73.) Faber has provided no basis for this Court to disturb that finding.

Faber cannot state a plausible claim for alleging tampering with the drug test. It is not clear from the record whether any positive drug test results were ever used against Faber as part of the criminal action against him. The record does establish that other violations of supervised release were alleged against Faber, and that he pled guilty to those violations. Accordingly, Faber cannot establish any basis for a malicious prosecution claim. *See Buchanan v. Metz*, 647 F. App'x 659, 665 (6th Cir. 2016).

Faber cannot state a plausible claim arising from the modification of the length of stay at the halfway house. As part of the criminal case, the court ordered the extension of time Faber had to stay at the halfway house. (*Faber Criminal Action*, ECF No. 71 PageID.184.) As part of that order, Faber waived his right to a hearing, waived his right to counsel, and agreed to the modification of the conditions of his supervised release, including the extension of time at the halfway house. (*Id.* at PageID.186.) Again, Faber has provide no basis for this Court to disturb the orders issued in the criminal action.

## V.

Smith is entitled to the dismissal of all claims brought against him in this lawsuit. Where the claims arise from Smith's work as a probation officer investigating Faber to ensure compliance with the terms of supervised release, Smith is entitled to quasi-judicial immunity. Faber cannot raise a *Bivens* claim for Smith's alleged interference with Faber's Free Exercise rights. Any claim that implicates the plea and sentence Faber is currently serving for violations of supervised release, including contact with Geiszen, is barred by *Heck*. Finally, Faber's complaint fails to state a claim for the allegations about the drug patch, the drug test, and the modification of the terms of supervised release extending the time Faber had to stay at the halfway house.

## ORDER

For the reasons provided in the accompanying Opinion, Defendant Smith's motion to dismiss (ECF No. 33) is **GRANTED.**

Because Faber was a prisoner at all times during the events giving rise to this lawsuit and during the pendency of this lawsuit, the Court need not determine whether to issue a certification of good faith. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1136 (6th Cir. 1997).

**IT IS SO ORDERED.**

Date:  December 7, 2017                                    /s/ Paul L. Maloney
                                                         Paul L. Maloney
                                                         United States District Judge